UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
================================================X
KEVIN YACHNIK and MARTHA YACHNIK,

                                    Plaintiffs,

        -against-

UNITED STATES OF AMERICA,

                                    Defendant.
================================================X

**COMPLAINT**

Civil Docket No.:

2:26-cv-03051

Plaintiffs KEVIN YACHNIK and MARTHA YACHNIK, by their attorneys, JOSEPH LANNI, ESQ., and THE JACOB D. FUCHSBERG LAW FIRM, L.L.P., as and for their Complaint, upon information and belief, allege the following:

**PARTIES**

1.      At all times subsequently referenced, plaintiffs KEVIN YACHNIK and MARTHA YACHNIK were and are residents, domiciles and citizens of the State of New York.

2.      At all times subsequently referenced, plaintiff KEVIN YACHNIK[1] and MARTHA YACHNIK reside at 2 Jomar Road, Shoreham, NY 11786.

3.      At all times subsequently referenced, defendant UNITED STATES OF AMERICA is the appropriate defendant in this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.

---

[1] KEVIN YACHNIK is variously referred to as Mr. YACHNIK and YACHNIK throughout this Complaint.

1

4.   At all times subsequently referenced, defendant UNITED STATES OF AMERICA created, empowered, directed, supervised, managed, controlled and administered a department or "arm" of the government known as the U.S. DEPARTMENT OF ENERGY (DOE)[2].

5.   At all times subsequently referenced, defendant UNITED STATES OF AMERICA, through and by the DEPARTMENT OF ENERGY (DOE), owned, occupied, directed, supervised, managed, controlled and/or administered a government facility known as Brookhaven National Laboratory (BNL).

6.   At all times subsequently referenced, defendant UNITED STATES OF AMERICA, in conjunction with the DEPARTMENT OF ENERGY (DOE), owned, occupied, possessed, directed, supervised, managed, controlled and/or administered a government facility known as Brookhaven National Laboratory (BNL).

7.   At all times subsequently referenced, defendant UNITED STATES OF AMERICA's ownership, occupation, possession, direction, supervision, management, control and/or administration of BNL extended to the lab's land, property, buildings, facilities, structures and appurtenances during the approximate period 1947 – present.

8.   At all times subsequently referenced, defendant UNITED STATES OF AMERICA's ownership, occupation, possession, direction, supervision, management, control and/or

---

[2] References to the U.S. Department of Energy or DOE also include and encompass this department's predecessor agencies. i.e., the Atomic Energy Commission (AEC) and Nuclear Regulatory Commission (NRC).

administration of BNL extended to the lab's business, operations, activities, projects, programs, and systems during the approximate period 1947 – present.

9.    At all times subsequently referenced, defendant UNITED STATES OF AMERICA, through the DOE, retained, hired and/or engaged a contractor to conduct BNL's business, operations, activities, projects, programs and systems in conjunction with the DOE during the period 1947 – present.

10.    At all times subsequently referenced, defendant UNITED STATES OF AMERICA, through the DOE, directed, supervised, managed, and controlled the contractors' work related to BNL's business, operations, activities, projects, programs and systems during the period 1947 – present.

11.    At all times subsequently referenced, defendant UNITED STATES OF AMERICA, through the DOE, retained, hired and/or engaged a contractor known as ASSOCIATED UNIVERSITIES, INC., to conduct BNL's business, operations, activities, projects, programs and systems in conjunction with the DOE during the period 1947 – 1998.

12.    At all times subsequently referenced, defendant UNITED STATES OF AMERICA, through the DOE, retained, hired and/or engaged a contractor known as BROOKHAVEN SCIENCE ASSOCIATES, LLC, to conduct BNL's business, operations, activities, projects, programs and systems in conjunction with the DOE during the period 1998 – present.

3

13. At all times subsequently referenced, defendant UNITED STATES OF AMERICA, through the DOE, directed, supervised, managed, and controlled all environmental, safety and health (ES&H) matters at BNL.

14. At all times subsequently referenced, defendant UNITED STATES OF AMERICA, through the DOE, and its contractors were responsible for implementation of all environmental, safety and health (ES&H) related policies, practices, rules and regulations at BNL.

## **JURISDICTION**

15. The subject matter jurisdiction of this Court is invoked since the defendant's transactions, acts, omissions, and conduct that form, in pertinent part, the factual basis of the causes of action in plaintiffs' Complaint occurred at Brookhaven National Laboratory on a federal enclave, i.e., on land owned by and under the jurisdiction of defendant UNITED STATES OF AMERICA (through, by and in conjunction with the U.S. Department of Energy) that is located within the Town of Upton, County of Suffolk, and State of New York. See, Schiappa v. Brookhaven Science Associates, LLC, 403 F. Supp. 2d 230 (E.D.N.Y. 2005).

## **VENUE**

16. The venue of this action is premised upon the defendant's transactions, acts, omissions, and conduct that form, in pertinent part, the factual basis of the causes of action in plaintiff's Complaint having occurred on the grounds of a laboratory and research facility owned by and under the jurisdiction of defendant UNITED STATES OF AMERICA (through, by and in conjunction with the U.S. Department of Energy), i.e., Brookhaven

National Laboratory, that is a federal enclave located in the Eastern District of New York. See, 28 U.S.C. §1391(b)(2).

## JURY DEMAND

17.    Plaintiff demands trial by jury of all issues presented in this action that are triable by a jury as of right pursuant to the applicable statutes and court rules

## INTRODUCTION

18.    Plaintiff KEVIN YACHNIK sues defendant UNITED STATES OF AMERICA for negligence, gross negligence and strict liability for abnormally dangerous or ultrahazardous activities under the Federal Tort Claims Act (FTCA) for injuries sustained as a result of his exposures to toxic substances known as per- and polyfluoroalkyl substances (PFAS) at Brookhaven National Laboratory. Plaintiff KEVIN YACHNIK was exposed to toxic PFAS polluting and contaminating BNL's drinking water, groundwater, soils, land, buildings, facilities, structures, appurtenances, and air.

19.    Defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, repeatedly discharged, released, emitted, jettisoned and dumped aqueous film forming foams (AFFF) containing toxic PFAS on and/or in BNL's land, soils, and waters during the period 1966 – 2008 and failed to timely and properly remediate, rectify and clean up these toxic substances during the period 1966 – present. Defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, committed the foregoing acts and omissions and engaged in such conduct despite knowledge of the health hazards presented by these chemicals.

20.   Defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, knowingly, willfully, intentionally, recklessly, carelessly and negligently caused BNL's legacy PFAS contamination[3] in the foregoing manner during the period 1966 – present.

21.   As a result of the foregoing, BNL's drinking water, groundwater, soils, land, buildings, facilities, structures, appurtenances, and air have been polluted and contaminated with PFAS since 1966.

22.   Plaintiff KEVIN YACHNIK's exposure to dangerous levels of PFAS pollution and contamination on and in BNL's land, soils, groundwater and drinking water caused, contributed to, and was a substantial factor resulting in his development of testicular cancer at the age of 47 in 1996.

23.   BNL's pervasive PFAS pollution and contamination is well documented by DOE reports and records.

## **CONDITIONS PRECEDENT TO SUIT**

24.   Pursuant to the requirements of the FTCA, plaintiff KEVIN YACHNIK served an administrative claim on the DOE on or about August 20, 2025.

25.   DOE denied Mr. YACHNIK's claim in a letter, dated November 14, 2025, which was received via certified mail in the office of plaintiff's counsel on November 25, 2025.

---

[3] "Legacy contamination" refers to persistent environmental pollution on land from past chemical-related activities and practices.

26. Thus, plaintiffs KEVIN YACHNIK and MARTHA YACHNIK have exhausted all administrative remedies for their claims and met all conditions precedent for suit.

27. The plaintiffs have timely commenced this action pursuant to 28 U.S.C. §2401(b) since it was filed within six (6) months of DOE's denial of the claim.

## FACTS COMMON TO ALL CAUSES OF ACTION

28. The events, actions, conduct, activities, omissions, transactions, occurrences, incidents and circumstances at issue in this matter include, but are not limited to, the following facts:

29. BNL has existed since 1947.

30. BNL is situated in Upton, NY, and occupies approximately 5,300 acres.

31. BNL is a research laboratory and facility with numerous buildings, structures and scientific facilities.

32. BNL was designated a Superfund site under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) in or about 1989.

33. Defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, repeatedly discharged, released, emitted, jettisoned and dumped AFFF containing toxic PFAS on and/or in BNL's land, soils, and waters during the period 1966 – 2008.

34.    Defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, failed to timely and properly remediate, rectify and clean up these toxic substances during the period 1966 – present.

35.    Defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, committed the foregoing acts and omissions and engaged in such conduct despite knowledge of the health hazards presented by these chemicals.

36.    AFFF containing PFOA, PFOS and other PFAS was discharged, released, emitted, jettisoned and dumped during fire department training exercises and recreational activities during the period 1966 – 2008.

37.    The AFFF discharges, releases, emissions, jettisons and dumps occurred at multiple locations around the lab site including in and adjacent to "Central Campus Area"[4] buildings, facilities and lawns; residential buildings and parking areas; and recreational fields.

38.    Environmental investigations showed that the AFFF discharges, releases, emissions, jettisons and dumps caused toxic PFAS to pollute and contaminate BNL's drinking water, groundwater, soils, land, buildings, facilities, structures, appurtenances, and air.

39.    BNL's groundwater or aquifer is the sole source of the lab's drinking water.

---

[4] BNL's "Central Campus Area" contains the vast majority of the lab's operational buildings and facilities and encompasses the most densely populated daytime portion of the site.

40. As a result of the defendant's foregoing acts, omissions and conduct, BNL's drinking water became polluted and contaminated with PFOA, PFOS and other toxic PFAS.

41. BNL's population (e.g., employees, residents, and visitors) was exposed to PFAS contaminated drinking water (PFAO and PFOS) during the period before 1995 (when granular activated carbon filters [GAC] were installed on water wells) and after 2008 (when GAC filters were removed at the DOE's direction).

42. Plaintiff KEVIN YACHNIK, now 77 years old, worked at BNL during the period 1978 – 2022.

43. Mr. YACHNIK was employed by BNL's "operating contractor", ASSOCIATED UNIVERSITIES, INC. (AUI), during the period 1978 – 1998.

44. Mr. YACHNIK was employed by BNL's "operating contractor", BROOKHAVEN SCIENCE ASSOCIATES, LLC (BSA), during the period 1998 – 2022.

45. Plaintiff KEVIN YACHNIK worked in numerous locations contaminated with AFFF pollution including in, at or in the vicinity of the "Central Campus Area" and other locations, buildings, facilities, structures, and appurtenances on the BNL site.

46. Plaintiff KEVIN YACHNIK worked at BNL in locations where defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, repeatedly discharged, released, emitted, jettisoned and dumped AFFF containing toxic PFAS on and/or in BNL's land, soils, and waters during the period 1966 – 2008.

9

47. Plaintiff KEVIN YACHNIK worked at BNL in locations where defendant UNITED STATES OF AMERICA, through DOE and the lab's contractors, failed to timely and properly remediate, rectify and clean up these toxic substances during the period 1966 – 2022.

48. Plaintiff KEVIN YACHNIK routinely consumed and used BNL's PFAS contaminated drinking water on a daily basis before GAC filters were installed on the water wells in 1995 and after the GAC filters were removed in 2008.

49. Plaintiff KEVIN YACHNIK was exposed to toxic PFAS pollution and contamination in BNL's drinking water, groundwater, soils, land, buildings, facilities, structures, appurtenances, and air.

50. Plaintiff KEVIN YACHNIK sustained chronic exposure, via ingestion, inhalation and trans-dermal contact, to the toxic PFAS pollution and contamination in BNL's environment.

51. Plaintiff KEVIN YACHNIK's exposure to toxic PFAS at BNL caused, contributed to, and/or was a substantial factor resulting in his testicular cancer.

52. KEVIN YACHNIK was diagnosed with testicular cancer in or about July 1996 when he was 47 years old.

53. Mr. YACHNIK does not have an available remedy under the Energy Employees Occupational Illness Compensation Program (EEOICP) under Part E to obtain monetary

10

compensation for developing testicular cancer secondary to PFAS exposure or any other related toxic chemical exposure (e.g., AFFF).

54.     The EEOICP does not recognize AFFF or per-fluoro compound exposures as a cause of testicular cancer nor does it recognize testicular cancer as a health effect of AFFF or per-fluoro compound exposures nor does it recognize any illness as a health effect of AFFF or or per-fluoro compound exposures.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE

55. Plaintiffs KEVIN YACHNIK and MARTHA YACHNIK repeat, re-allege and reiterate each and every allegation contained in paragraphs numbered "1" through "54" of the Complaint as if fully repeated, re-alleged and reiterated in this paragraph.

56. That at all times mentioned, defendant UNITED STATES OF AMERICA, through the DOE, had a duty of reasonable care to ensure the safety of the property and premises known as BROOKHAVEN NATIONAL LABORATORY.

57. That at all times mentioned, defendant UNITED STATES OF AMERICA, through the DOE, had a duty of reasonable care to maintain the safety of the property and premises known as BROOKHAVEN NATIONAL LABORATORY.

58. That at all times mentioned, defendant UNITED STATES OF AMERICA, through the DOE, had a duty of reasonable care to ensure the safety of all activities on the property and premises known as BROOKHAVEN NATIONAL LABORATORY.

11

59. That at all times mentioned, defendant UNITED STATES OF AMERICA, through the DOE, had a duty of reasonable care to ensure the safe use, discharge, release, and emission of toxic chemicals on property and premises known as BROOKHAVEN NATIONAL LABORATORY.

60. That at all times mentioned, defendant UNITED STATES OF AMERICA, through the DOE, had a duty of reasonable care to ensure the safety of all persons and property potentially exposed to toxic chemicals on the property and premises known as the BROOKHAVEN NATIONAL LABORATORY.

61. That at all times mentioned, defendant UNITED STATES OF AMERICA, through the DOE, had a duty of reasonable care to timely and properly remediate, rectify and clean up environmental pollution and contamination caused by the use, discharge, release, and emission of toxic chemicals on the property and premises known as the BROOKHAVEN NATIONAL LABORATORY.

62. That during the period of time 1966 – 2022, defendant UNITED STATES OF AMERICA, through the DOE and its contractors, breached and violated its foregoing duties.

63. That during the period of time 1966 – 2022, defendant UNITED STATES OF AMERICA, through the DOE and its contractors, failed to comply with its foregoing duties.

64. That defendant UNITED STATES OF AMERICA's acts, omissions and conduct described in this Complaint and any other related acts, omissions and conduct not yet known, constitute the breaches and violations of duty that are the subject of this action.

12

65. That defendant UNITED STATES OF AMERICA's acts, omissions and conduct described in this Complaint and any other related acts, omissions and conduct not yet known were negligent, careless, reckless and/or knowingly, intentionally, and willfully indifferent to the health hazards presented by subjecting BNL's workers, visitors and residents to toxic chemical exposures.

66. That the foregoing breaches and violations of duty by defendant UNITED STATES OF AMERICA caused, contributed to, and were substantial factors resulting in plaintiff KEVIN YACHNIK's severe injuries including testicular cancer, risk of recurrence, risk of metastasis, grave injuries, loss of function and use of an organ system, consequential medical sequelae, scarring, disfigurement, worsened prognosis, decreased life expectancy, emotional distress, mental anguish, disability, lost wages, medical expenses, and other harm, losses and damages.

67. That by reason of the foregoing, plaintiff KEVIN YACHNIK sustained damages for non-economic and economic injuries, harm and losses including, but not limited to, past and future conscious pain and suffering, emotional distress and mental anguish, lost wages, medical expenses, and medical monitoring.

68. That plaintiff KEVIN YACHNIK's severe injuries, harm, losses and damages were caused solely and wholly by virtue of defendant UNITED STATES OF AMERICA's foregoing negligence, carelessness, recklessness and/or knowing, intentional and willful indifference and were in no way caused and/or contributed to by the plaintiff.

13

69. That by reason of the foregoing, plaintiff KEVIN YACHNIK is entitled to compensatory and punitive damages from defendant UNITED STATES OF AMERICA for his non-economic and economic injuries.

70. That by reason of the foregoing, plaintiff KEVIN YACHNIK demands judgement against defendant UNITED STATES OF AMERICA in the amount of $15,000,000 in compensatory and punitive damages.

## SECOND CAUSE OF ACTION:
## GROSS NEGLIGENCE

71. Plaintiffs KEVIN YACHNIK and MARTHA YACHNIK repeat, re-allege and reiterate each and every allegation contained in paragraphs numbered "1" through "70" of the Complaint as if fully repeated, re-alleged and reiterated in this paragraph.

72. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were grossly negligent, reckless, and/or intentional.

73. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were undertaken in reckless disregard of the health, safety and welfare of BNL workers, including KEVIN YACHNIK.

74. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were undertaken with gross indifference to the health, safety and welfare of BNL workers, including KEVIN YACHNIK.

14

75. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were undertaken with the knowledge, awareness and/or reason to know that they would present an unreasonable risk of injury, illness, harm, loss and/or death to workers, including KEVIN YACHNIK.

76. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL knowingly, willfully and intentionally created an unreasonable risk of physical harm to workers, including KEVIN YACHNIK.

77. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL resulted in the extensive environmental pollution and contamination of the buildings, structures, facilities, soils, surface waters, groundwater, drinking water, land, and ambient air at the site.

78. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were grossly negligent and caused, created and resulted in the foreseeable risks of personal injury, illness, harm and/or death to BNL workers, including KEVIN YACHNIK.

79. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL caused, contributed to and were substantial factors resulting in KEVIN YACHNIK's testicular cancer and other related conditions, complications, illnesses, injuries, harm, and losses.

15

80. That the foregoing breaches and violations of duty by defendant UNITED STATES OF AMERICA caused, contributed to, and were substantial factors resulting in plaintiff KEVIN YACHNIK's severe injuries including testicular cancer, risk of recurrence, risk of metastasis, grave injuries, loss of function and use of an organ system, consequential medical sequelae, scarring, disfigurement, worsened prognosis, decreased life expectancy, emotional distress, mental anguish, disability, lost wages, medical expenses, and other harm, losses and damages.

81. That by reason of the foregoing, plaintiff KEVIN YACHNIK sustained damages for non-economic and economic injuries, harm and losses including, but not limited to, past and future conscious pain and suffering, emotional distress and mental anguish, lost wages, medical expenses, and medical monitoring.

82. That plaintiff KEVIN YACHNIK's severe injuries, harm, losses and damages were caused solely and wholly by virtue of defendant UNITED STATES OF AMERICA's foregoing gross negligence, carelessness, recklessness and/or knowing, intentional and willful indifference and were in no way caused and/or contributed to by the plaintiff.

83. That by reason of the foregoing, plaintiff KEVIN YACHNIK is entitled to compensatory and punitive damages from defendant UNITED STATES OF AMERICA for his non-economic and economic injuries.

84. That by reason of the foregoing, plaintiff KEVIN YACHNIK demands judgement against defendant UNITED STATES OF AMERICA in the amount of $15,000,000 in compensatory and punitive damages.

16

## THIRD CAUSE OF ACTION:
## STRICT LIABILITY FOR
## ABNORMALLY DANGEROUS ACTIVITIES

85. Plaintiffs KEVIN YACHNIK and MARTHA YACHNIK repeat, re-allege and reiterate each and every allegation contained in paragraphs numbered "1" through "84" of the Complaint as if fully repeated, re-alleged and reiterated in this paragraph.

86. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL constituted an ultra-hazardous or abnormally dangerous activity for which they are strictly liable.

87. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were committed with the knowledge that these substances were carcinogenic and/or ultra-hazardous and abnormally dangerous to human health, safety and welfare.

88. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL resulted in the extensive environmental pollution and contamination of the lab's buildings, structures, facilities, soils, surface waters, groundwater, drinking water, land, and ambient air.

89. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL resulted in extensive environmental pollution and contamination at BNL that caused and created foreseeable risks of personal injury, illness, harm and/or death to workers, visitors and residents at the site, including plaintiff KEVIN YACHNIK.

17

90. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL resulted in extensive environmental pollution and contamination at BNL that caused and created a high degree of risk to the health, safety and welfare of workers, visitors and residents at the site, including plaintiff KEVIN YACHNIK.

91. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL resulted in extensive environmental pollution and contamination at BNL that caused and created a high risk of harm to workers, visitors and residents at the site, including plaintiff KEVIN YACHNIK, that could not otherwise be eliminated without closure of the laboratory.

92. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were not a matter of common usage.

93. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL in a densely populated location presented such a high degree of hazards, dangers and risks to human health, safety and welfare to workers, visitors and residents at the site, including plaintiff KEVIN YACHNIK, that such hazards, dangers and risks outweighed its value to the community.

94. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL were inappropriate to the densely populated location.

95. That at all times mentioned, the foregoing hazards, dangers and risks of the toxic chemical related ultra-hazardous and abnormally dangerous activities at BNL that were imposed on the lab's workers, visitors and residents, including plaintiff KEVIN YACHNIK, outweighed any value associated with the same.

96. That by reason of the foregoing, defendant UNITED STATES OF AMERICA is strictly liable to plaintiff KEVIN YACHNIK for his injuries, damages, harm and losses resulting from the foregoing toxic chemical related ultra-hazardous and abnormally dangerous activities at BNL.

97. That at all times mentioned, defendant UNITED STATES OF AMERICA's foregoing toxic chemical related acts, omissions and conduct at BNL caused, contributed to and were substantial factors resulting in KEVIN YACHNIK's testicular cancer and other related conditions, complications, illnesses, injuries, harm, and losses.

98. That defendant UNITED STATES OF AMERICA's foregoing toxic chemical related ultra-hazardous and abnormally dangerous activities at BNL caused, contributed to, and were substantial factors resulting in plaintiff KEVIN YACHNIK's severe injuries including testicular cancer, risk of recurrence, risk of metastasis, grave injuries, loss of function and use of an organ system, consequential medical sequelae, scarring, disfigurement, worsened prognosis, decreased life expectancy, emotional distress, mental anguish, disability, lost wages, medical expenses, and other harm, losses and damages.

99. That by reason of the foregoing, plaintiff KEVIN YACHNIK sustained damages for non-economic and economic injuries, harm and losses including, but not limited to, past and

future conscious pain and suffering, emotional distress and mental anguish, lost wages, medical expenses, and medical monitoring.

100.    That plaintiff KEVIN YACHNIK's severe injuries, harm, losses and damages were caused solely and wholly by virtue of defendant UNITED STATES OF AMERICA's foregoing knowing, intentional and willful indifference to the hazards, dangers and risks of the toxic chemical related ultra-hazardous and abnormally dangerous activities at BNL and were in no way caused and/or contributed to by the plaintiff.

101.    That by reason of the foregoing, plaintiff KEVIN YACHNIK is entitled to compensatory and punitive damages from defendant UNITED STATES OF AMERICA for his non-economic and economic injuries.

102.    That by reason of the foregoing, plaintiff KEVIN YACHNIK demands judgement against defendant UNITED STATES OF AMERICA in the amount of $15,000,000 in compensatory and punitive damages.

## FOURTH CAUSE OF ACTION: LOSS OF CONSORTIUM

103.    Plaintiffs KEVIN YACHNIK and MARTHA YACHNIK repeat, re-allege and reiterate each and every allegation contained in paragraphs numbered "1" through "102" of the Complaint as if fully repeated, re-alleged and reiterated in this paragraph.

104.    That all times hereinafter mentioned, plaintiff MARTHA YACHNIK was and is the lawfully wedded wife of plaintiff KEVIN YACHNIK and, as such, was and is entitled to the services, consortium and society of KEVIN YACHNIK.

20

105.    By reason of the foregoing negligence, gross negligence and strict liability of defendant UNITED STATES OF AMERICA, plaintiff MARTHA YACHNIK was deprived of the aforesaid services, consortium and society of KEVIN YACHNIK.

106.    By reason of the foregoing, plaintiff MARTHA YACHNIK is entitled to monetary damages for her loss of services, consortium and society.

107.    By reason of the foregoing, plaintiff MARTHA YACHNIK is entitled to compensatory damages from defendant UNITED STATES OF AMERICA for her non-economic and economic injuries.

108.    By reason of the foregoing, plaintiff MARTHA YACHNIK demands judgment against defendant AUI in the amount of $5,000,000.00 for compensatory damages.

**WHEREFORE,** plaintiffs demand judgment awarding compensatory and punitive damages against defendant UNITED STATES OF AMERICA on the first, second, and third causes of action in the Complaint in the amount of $15,000,000.00 for each cause of action; compensatory damages on the fourth cause of action of the Complaint against defendant UNITED STATES OF AMERICA in the amount of $5,000,000.00; and the interest, costs and disbursements of this action, together with such other and further relief as the court deems just and proper.

Dated: New York, NY
        May 19, 2026

Yours, etc.,

*/s/ J. Lanni*

_____
JOSEPH LANNI
NEALRAJ BHUSHAN
KRISTIN MCALPIN

21

THE JACOB FUCHSBERG LAW FIRM, LLP
Attorneys for Plaintiffs
KEVIN YACHNIK
and MARTHA YACHNIK
3 Park Avenue, 37th Floor
New York, New York 10016
Tel.: 212.869.3500
Fax: 212.398.1532
j.lanni@fuchsberg.com
n.bhushan@fuchsberg.com
k.mcalpin@fuchsberg.com

22